# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAVID BELL,

        Plaintiff,

v.                                                Case No. 06-4026-JAR

CITY OF TOPEKA, *et al.*,

        Defendants.

_____

## **ORDER**

This matter comes before the court upon plaintiff's Motion to Amend Complaint (Doc. 18); defendant's Motion to Strike (Doc. 25); and Kristoffer Souma, Bruce Voigt, Ronald Erwin, and Douglas Garman's Motion for Extension of Time to Answer or Otherwise Plead to Amended Complaint (Doc. 32). Defendant has filed a response to plaintiff's Motion to Amend (Doc. 19) , to which plaintiff replied (Doc. 24). No responses have been filed in opposition to defendant's Motion to Strike or Souma, Voigt, Erwin, and Garman's Motion for Extension of Time; however, the court finds that responses are not necessary and is prepared to rule.

**I.     Relevant Factual Background**

Plaintiff commenced this action in the United States District Court for the District of Kansas on March 2, 2006. Plaintiff, in his original complaint, named as defendants the City of Topeka, Butch Felker, James McClinton, Ed Klumpp, and "Four Unknown Narcotics Agents of the City of Topeka

Police Department."[1]  The court held a telephone scheduling conference on May 15, 2006, giving the parties until June 20, 2006, with which to file motions to join additional parties or otherwise amend the pleadings.[2]  During the scheduling conference, plaintiff's counsel indicated to the court that plaintiff sought from defendant the names of the individual narcotics officers involved in the incident giving rise to plaintiff's lawsuit.  Defense counsel responded during the scheduling conference that she would provide those names to plaintiff's counsel as part of defendant's initial disclosures.

On May 24, 2006, after conclusion of the scheduling conference, plaintiff filed an "Amended Complaint," without first seeking leave of court to do so.  Specifically, plaintiff's Amended Complaint added the names of the previously unknown police officers involved in the actions giving rise to plaintiff's lawsuit – Kristoffer Souma, Bruce Voigt, Ronald Erwin, and Douglas Garman.  The Clerk's Office then issued summonses as to these individuals.  However, because plaintiff failed to first seek leave of court to file an amended complaint, as required by Fed. R. Civ. P. 15(a), the court issued an order on May 30, 2006, striking plaintiff's Amended Complaint.[3]  Plaintiff subsequently filed his Motion to Amend Complaint (Doc. 18) on May 31, 2006.  Finally, on June 5, 2006, the summonses as to Souma, Voigt, Erwin, and Garman had their Return of Service executed and filed with the court.[4]

As a result of these events, the court held a telephone motion hearing on June 22, 2006.  At this hearing, the court heard oral arguments on plaintiff's Motion to Amend (Doc. 18) and defendant's

---

[1] Plaintiff's Complaint (Doc. 1) at 1.

[2] Scheduling Order (Doc. 13) at 2.

[3] Doc. 17.

[4] *See* Docs. 20-23.

Motion to Strike (Doc. 25).[5]  Upon conclusion of that hearing, the court took the motions under advisement, and now is prepared to rule.

## II.     Discussion

### A.     Plaintiff's Motion to Amend Complaint (Doc. 18).

In his Motion to Amend (Doc. 18), plaintiff seeks to name Kristoffer Souma, Bruce Voigt, Ronald Erwin, and Douglas Garman as defendants to this action.  Plaintiff contends that these individuals are the "Four Unknown Narcotics Agents of the City of Topeka Police Department" included in plaintiff's original complaint.

Defendant objects to plaintiff's proposed amendment.  Specifically, defendant contends that the proposed amendment would be futile, because the statute of limitations expired as to any claim against these individuals on March 4, 2006 – two days after plaintiff filed his original complaint.  Defendant argues that plaintiff's proposed amendment does not relate back to the date of plaintiff's original complaint because Fed. R. Civ. 15(c)(3) and the relevant Tenth Circuit law expressly prohibit relation back under the circumstances of this case.

Plaintiff does not dispute that the statute of limitations expired on March 4, 2006, for plaintiff's claims against the individual narcotics officers.  However, plaintiff contends that his proposed amendment does relate back under Fed. R. Civ. P. 15(c)(3).  Alternatively, plaintiff contends that even if the proposed amendment does not relate back, the court should nonetheless permit amendment out of

---

[5]Souma, Voigt, Erwin, and Garman's Motion for Extension of Time to Answer or Otherwise Plead to Amended Complaint (Doc. 32) was filed after conclusion of the telephone motion hearing, on June 29, 2006.

time under the principle of equitable tolling of the statute of limitations.

### 1.     Relation Back

Plaintiff contends that his proposed amendment relates back under Fed. R. Civ. P. 15(c)(3). Rule 15(c)(3) states in pertinent part:

> An amendment of a pleading relates back to the date of the original pleading when...the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for *a mistake* concerning the identity of the proper party, the action would have been brought against the party. (emphasis added).

The United States Court of Appeals for the Tenth Circuit as well as judges of this District have routinely held that the replacement of an unknown or "John Doe" defendant with a named party fails to relate back under Fed. R. Civ. P. 15(c)(3), as such amendments constitute a substitution of a party rather than the correction of a misnomer.[6]  This ruling is due to the Tenth Circuit's determination that "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule 15(c)(3)(B)."[7]  Therefore, it appears to be well-settled law that replacing an unknown defendant with a named defendant after expiration of the statute of limitations fails to relate back under the provisions of Fed. R. Civ. P. 15(c)(3).

In this case, plaintiff filed his original complaint against "unknown narcotics agents" on March 2,

---

[6]*Wesley v. Don Stein Buick, Inc. et al.*, 42 F. Supp. 2d 1192, 1198 (D. Kan. 1999)(citing *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1389 (10th Cir. 1984); *Echols v. Unified Gov't of Wyandotte County, et al.*, 399 F. Supp.2d 1201, 1210 (D. Kan. 2005)(citing *Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004)).

[7]*Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004).

2006 – two days before the statute of limitations expired.  Plaintiff contends that his designation of "unknown narcotics agents" in his original complaint is a "mistake" sufficient under Rule 15(c)(3) and the relevant case law to relate back to the March 2, 2006, filing date of plaintiff's original complaint.  The court disagrees.  The court, despite plaintiff's contentions to the contrary and upon a full review of the record and relevant case law, is constrained to conclude that a designation of "unknown narcotics agents" is the functional equivalent of a "John Doe" designation and as such, fails to relate back to the original March 2, 2006, filing date of this case.  Therefore, the court finds that relation back pursuant to Fed. R. Civ. P. 15(c)(3) does not apply under the circumstances of this case.

### 2. Equitable Tolling

Alternatively, plaintiff contends that even if his proposed amendment fails to relate back to the date of his original complaint, the court should nonetheless permit amendment out of time under the principle of equitable tolling.

Federal case law in the Tenth Circuit, as well as Kansas law, permit equitable tolling under certain circumstances.   While it is well understood that nothing can interrupt the running of a statute of limitations, courts have developed an exception where a defendant engaged in fraud, or "something that amounted to an affirmative inducement to plaintiff to delay bringing the action."[8]

In this case, plaintiff contends that defendant refused to provide the names of the unknown officers to him until after he filed his lawsuit and that this refusal amounts to an affirmative inducement to delay bringing action.  Specifically, plaintiff contends that there was not "any way" for plaintiff to obtain

---

[8] *Garrett*, 362 F.3d at 697; *Safeway Stores, Inc. v. Wilson*, 372 P.2d 551, 555 (Kan. 1962).

the names of the individual narcotics officers prior to filing his lawsuit. The court disagrees. The court notes that the plaintiff in this case, David Bell, first contacted plaintiff's counsel, Eric Kjorlie, on February 8, 2006 – slightly more than three weeks before the statute of limitations expired. The court notes that the first inquiry plaintiff or his counsel made regarding the identity of the unknown narcotics officers occurred on March 6, 2006 – two days after the statute of limitations expired. Moreover, this March 6 inquiry was not directed to defendant, but was instead directed to the District Attorney, Robert Hecht. Mr. Hecht denied plaintiff's counsel's request at that time, as no criminal charges were filed in the case and the information was not otherwise available to the general public. While plaintiff's counsel eventually obtained the identities of the narcotics officers from defendant through formal discovery, the information was obtained several months after the statute of limitations had expired.

Other than the District Attorney's refusal to disclose to plaintiff the identity of the narcotics officers, the court is unable to ascertain a single inquiry plaintiff directed to *defendant* City or its officials seeking the identities of the narcotics officers prior to the statute of limitations expiring on his claim. Further, the court fails to find evidence of an affirmative inducement of the part of defendant City, its officials, or the proposed defendant narcotics officers to delay plaintiff in bringing suit. Finally, the parties have stipulated that the front page of the Kansas Standard Offense Report,[9] involving the incident which gave rise to plaintiff's complaint in Topeka Police Department Case No. 5548-04, discloses the name of the Reporting Officer, K. Souma, who plaintiff seeks to name as a defendant as one of the "four unknown narcotics agents," which was subject to disclosure under the Kansas Open

---

[9] *See* Doc. 31 at 3.

Records Act, K.S.A. §45-215 *et seq.* Presumably, this document was available to the public shortly after its creation on March 4, 2004. No such request ever appears to have been made which could have led to the timely discovery of the identity of one or more of the narcotics officers involved in the incident.

In the court's view, absent any inquiry being made prior to the statute of limitations expiring, and absent any evidence of an affirmative inducement on the part of any defendant or the narcotics officers to delay plaintiff in filing his claim against the narcotics officers, the court is constrained to conclude that equitable tolling should not apply under these circumstances, and plaintiff's Motion to Amend should be denied.

However, this conclusion is not in any way meant to disparage the efforts of plaintiff's counsel to bring plaintiff's claim against the narcotics officers within the applicable statute of limitations. However, despite plaintiff's current counsel's efforts in the short period of time from February 8, 2006, to March 2, 2006, the effort to join the individual narcotics agents simply falls short against the constraints of Fed. R. Civ. P. 15(c)(3) and binding Tenth Circuit law.

### B. Defendant's Motion to Strike (Doc. 25).

Defendant moves to strike the summonses issues as to Kristoffer Souma, Bruce Voigt, Ronald Erwin, and Douglas Garman. In light of the court's conclusion that plaintiff's Motion to Amend should be denied, the court shall grant defendant's Motion to Strike.

### C. Defendants' Motion for Extension of Time to Answer (Doc. 32).

After conclusion of the telephone motion hearing in this matter, but prior to the court issuing this order, proposed defendants Souma, Voigt, Erwin, and Garman filed a Motion for Extension of Time to

Answer or Otherwise Plead to Amended Complaint (Doc. 32).  In light of the court's decision to deny plaintiff's Motion to Amend to add Souma, Voigt, Erwin, and Garman as defendants to this action, the court finds that the Motion for Extension of Time to Answer (Doc. 32) as to these individuals should be denied as moot.  Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend (Doc. 18) is hereby denied.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc. 25) is hereby granted.

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Time to Answer or Otherwise Plead (Doc. 32) is denied as moot.

Because the court's decision to deny plaintiff leave to amend with respect to his assertion of individual liability against the proposed defendant narcotics officers has the identical effect of an order dismissing a potential claim or party, it can be considered to be dispositive, and plaintiff is entitled to a *de novo* review of that decision by the presiding judge upon the filing of a written objection in accordance with Fed. R. Civ. P. 72(b) and D. Kan. R. 72.1.4(b).[10]  In the event plaintiff wishes to exercise his right to such a *de novo* review, he should follow the procedures outlined by Fed. R. Civ. P. 72(b) and D. Kan. R. 72.1.4(b) for filing an objection to a magistrate judge's recommendation on a dispositive matter, and he must file such an objection within ten days of the entry of this order as

---

[10]*See Cuenca v. University of Kansas*, 205 F. Supp. 2d 1226, 1228-29 (D. Kan. 2002)(holding that a magistrate judge's order denying leave to amend that has the effect of dismissing potential claims or parties from the lawsuit must be reviewed using a *de novo* standard).

calculated pursuant to Fed. R. Civ. P. 5 and 6, on or before July 26, 2006.[11]

**IT IS SO ORDERED.**

Dated this 12th day of July, 2006, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[11]*See* Fed. R. Civ. P. 72(b)("Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendation."); Fed. R. Civ. P. 6(a)("When the period of time proscribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.").

-9-