ace

## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DAVID L. BELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 06-4026-JAR** |
| | ) | |
| **CITY OF TOPEKA, KANSAS,** | ) | |
| **former MAYOR BUTCH FELKER,** | ) | |
| **former MAYOR JAMES A. MCCLINTON,** | ) | |
| **CHIEF OF THE CITY OF TOPEKA** | ) | |
| **POLICE DEPARTMENT ED E. KLUMPP,** | ) | |
| **and FOUR UNKNOWN NARCOTICS** | ) | |
| **AGENTS OF THE CITY OF TOPEKA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM ORDER AND OPINION

This matter comes before the Court on the plaintiff's Objection (Doc. 37) to the

Magistrate Judge's July 12, 2006 Order (Doc. 33) denying plaintiff's Motion to Amend

Complaint.  Plaintiff also requests certification of a question to the Kansas Supreme Court.  For

the reasons stated below, the Court accepts the Magistrate Judge's ruling and overrules

plaintiff's Objection.  Further, the Court declines to certify a question to the Kansas Supreme

Court.

*Facts*

Plaintiff brings this action against the City of Topeka and various city officials and

employees alleging unreasonable use of force and violation of due process resulting from

plaintiff's arrest in March 2004.  On March 2, 2006, plaintiff filed a Complaint naming as

defendants the City of Topeka, former mayor Butch Felker, former mayor James McClinton,

Chief of Police Ed Klumpp and "Four Unknown Narcotics Agents of the City of Topeka Police

Department."[1]  On May 31, 2006, plaintiff sought leave to amend his Complaint[2] to add the names of the previously unknown four police officers involved in the actions giving rise to plaintiff's lawsuit.  Plaintiff sought to name Kristoffer Souma, Bruce Voigt, Ronald Erwin and Douglas Garman as defendants to his action.

Judge Sebelius denied plaintiff's motion for leave to amend finding that plaintiff's proposed amendment would be futile because the statute of limitations had expired as to any claim against the four officers as of March 4, 2006, and the proposed amendment did not relate back to plaintiff's original complaint.  Judge Sebelius also rejected plaintiff's alternative argument that his amendment should be allowed out of time under the principle of equitable tolling.

***Applicable Law***

With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law."[3]  However, when the magistrate judge's order denies a motion to amend and has the identical effect of an order dismissing a claim or party, courts consider such a ruling to be dispositive and apply *de novo* review.[4]  Because Judge Sebelius' Order analyzed

---

[1](Doc. 1).

[2](Doc. 18).

[3]*First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

[4]*See Cuenca v. Univ. of Kan. Sch. of Journalism*, 205 F. Supp. 2d 1226, 1228–29 (2002) (holding that a magistrate judge's order which has the effect of dismissing potential claims and parties from the suit must be reviewed using a *de novo* standard).

plaintiff's motion under a futility standard and denied amendment to the Complaint to include

four new parties, the ruling has the identical effect as dismissing parties from the suit.

Therefore, the Court concludes that Judge Sebelius' decision denying leave to amend  is a

dispositive ruling subject to *de novo* review.

Fed. R. Civ. P. 72(b) allows a party to provide specific, written objections to the

magistrate judge's order.  The rule states that "[t]he district judge may accept, reject, or modify

the recommended decision, receive further evidence, or recommit the matter to the magistrate

judge with instructions."[5]  Applying this standard below, the Court accepts the Magistrate

Judge's ruling and overrules plaintiff's Objection.

## *Discussion*

Fed. R. Civ. P. 15(a) governs the amendment of pleadings.  Because of the advanced

stage of the litigation in this case, the second sentence of Rule 15(a) applies, which contemplates

that "a party may amend the party's pleading only by leave of court or by written consent of the

adverse party; and leave shall be freely given when justice so requires."[6]  Thus, motions to

amend are matters of discretion for the trial court.[7]  The Tenth Circuit has offered guidance by

listing factors for courts to consider, such as futility of the amendment, a showing of undue

delay, undue prejudice to the non-moving party, or bad faith of the moving party.[8]

In this case, Judge Sebelius found that plaintiff's proposed amendment would be futile

---

[5]Fed. R. Civ. P. 72(b).

[6]Fed. R. Civ. P. 15(a).

[7]*Woolsey v. Marion Lab., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[8]*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

because the statute of limitations had expired as to any claim against the four officers as of March 4, 2006.  Further, Judge Sebelius found plaintiff's proposed amendment did not relate back to plaintiff's original complaint.  The Court agrees.  Under Federal Rule of Civil Procedure 15(c)(3), an amendment relates back to an earlier filing when

> the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The Tenth Circuit has held that "as a matter of law, a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule 15(c)(3)(B)."[9]  When this occurs, "'the plain language of Rule 15(c)(3) does not permit relation back.'"[10]  The Tenth Circuit recognizes that "the replacement of a John Doe defendant with a named party constitutes the substitution of a party rather than the correction of a misnomer."[11]

In this case, Judge Sebelius correctly ruled that plaintiff's proposed amendment does not relate back under Rule 15(c)(3)(B).  Plaintiff's original complaint named "Four Unknown Narcotics Agents of the City of Topeka Police Department" because, as plaintiff admits, he lacked knowledge of the officers' identities.  Thus, plaintiff's proposed amendment did not constitute a "mistake" under Rule 15(c)(3)(B), and did not relate back to the original complaint.  Accordingly, Judge Sebelius properly denied plaintiff's motion to amend on this ground.

---

[9]*Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004).

[10]*Lowe v. Surpas Res. Corp.*, 253 F. Supp. 2d 1209, 1248 (D. Kan. 2003) (quoting *In re Estate of Kout v. United States*, 241 F. Supp. 2d 1183 (D. Kan. 2002)).

[11]*Wesley v. Don Stein Buick, Inc.*, 42 F. Supp. 2d 1192, 1198 (D. Kan. 1999) (citing *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1389 (10th Cir. 1984)).

Judge Sebelius also properly rejected plaintiff's alternative argument that his amendment should be allowed out of time under the principle of equitable tolling.  In front of Judge Sebelius, plaintiff argued that equitable tolling should apply to this case because defendant concealed the names of the unknown officers, which was an affirmative inducement by defendant to delay plaintiff in bringing the action.  In this motion, plaintiff argues equitable tolling should apply because defendant was prevented from divulging the names of the unknown officers for fear of violating the Kansas Open Records Act.  The Court is hesitant even to address plaintiff's argument regarding the Kansas Open Records Act because it does not appear that plaintiff raised this argument before the magistrate judge.  Generally, district courts will not consider arguments that were not properly presented to the magistrate judge.[12]  While plaintiff never specifically presented the argument to Judge Sebelius that the Kansas Open Records Act prevented defendant from divulging the names of the officers, plaintiff did argue that defendant relied upon a claim of privilege in refusing to disclose the officers' names.[13]  Out of an abundance of caution, the Court will construe plaintiff's reference to the claim of privilege as sufficiently raising an argument regarding the Kansas Open Records Act before the magistrate judge.

"Equitable tolling may be appropriate where 'the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights . . . .'"[14]  In this case, plaintiff argues that the statute of

---

[12]*Claytor v. Computer Assoc. Int'l*, 211 F.R.D. 665, 667–68 (D. Kan. 2003); *see also First Sav. Bank v. U.S. Bancorp*, 184 F.R.D. 363, 366–67 (D. Kan. 1998) (finding that the district court was under no obligation to consider evidence introduced for the first time in an objection to the magistrate judge's recommendation).

[13](Doc. 24 at 3, 7.)

[14]*Gardner v. Prison Health Servs., Inc.*, 985 F. Supp. 1257, 1258 (D. Kan. 1997) (quoting *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995) (citing *Carlile v. South Routt Sch. Dist. RE 3-J*, 652 F.2d 981, 985 (10th Cir. 1981))).

limitations should be equitably tolled because plaintiff was prevented from learning the identities

of the officers when defendant refused to provide plaintiff with the criminal investigation records

of the Topeka Police Department for fear of violating the Kansas Open Records Act,  K.S.A. §

45-221(a)(10)(C).

        K.S.A. § 45-216(a) states:

> It is declared to be the public policy of the state that public records shall be open for
> inspection by any person unless otherwise provided by this act, and this act shall be
> liberally construed and applied to promote such policy.

K.S.A. § 45-221 provides exceptions for public records that agencies are not required to open for

public inspection.  K.S.A. § 45-221(a)(10)(C) reads:

> (a) Except to the extent disclosure is otherwise required by law, a public agency
> shall not be required to disclose:
>     . . . .
> (10) Criminal investigation records, except as provided herein.  The district court,
> in an action brought pursuant to K.S.A. 45-222, and amendments thereto, may
> order disclosure of such records, subject to such conditions as the court may
> impose, if the court finds that disclosure:
>     . . . .
> (C) would not reveal the identity of any confidential source or undercover agent.

Plaintiff contends that his attorney contacted the Shawnee County District Attorney, Robert D.

Hecht, in an effort to learn the identity of the officers, but his attorney was told by either Mr.

Hecht or his staff that such information could not be provided to him pursuant to K.S.A. § 45-

221(a)(10)(C).  However, there is no evidence that *defendant* City of Topeka ever invoked the

protections of this statute.  Further, there is no evidence that plaintiff ever filed an Open Records

Request with the City of Topeka to obtain information about the arrest at any time after March

2004.  Likewise, plaintiff's attorney also could have filed an Open Records Request subsequent

to his first visit with plaintiff in February 2006.  There is no evidence that plaintiff's attorney

ever made such a request.

Defendant City of Topeka contends that had plaintiff filed an Open Records Request with the City of Topeka, he would have been provided the front page of the Kansas Standard Offense Report in Topeka Police Department Case No. 5548-04, the incident giving rise to the allegations in plaintiff's Complaint.  In fact, the parties have stipulated that the front page of this report is a public record subject to disclosure under the Kansas Open Records Act.[15]  As Judge Sebelius noted, presumably this document was available to the public shortly after its creation on March 4, 2004. There is no evidence of any request made before the running of the statute of limitations by plaintiff or his attorney for this document.

This document discloses the name of the Reporting Officer, K. Souma, one of the officers plaintiff seeks to name as a defendant.  Using the tools of discovery, plaintiff could have deposed Officer Souma pursuant to Federal Rule of Civil Procedure 27.  In such a deposition, plaintiff could have learned from Officer Souma the identity of the other officers and their specific roles in plaintiff's arrest.  But plaintiff argues that Officer Souma would have been subject to penalties under K.S.A. § 45-223 for wrongfully disclosing information subject to the Kansas Open Records Act.  This is an incorrect reading of the Kansas Open Records Act.  Under  K.S.A. § 45-223, any public agency that knowingly violates the Kansas Open Records Act shall be liable for payment of a civil penalty in an action brought by the attorney general or county or district attorney.  As described above, K.S.A.§ 45-221(a)(10)(C) provides that a public agency *shall not be required* to disclose criminal investigation records.  This section does not prohibit the disclosure of criminal investigation records, but rather provides public agencies the option of

---

[15](Doc. 31.)

refusing to disclose such records.  Access to a criminal investigation record, however, can still be obtained upon filing an action brought pursuant to K.S.A. § 45-222, in which a court may order disclosure if the court finds that disclosure would not reveal the identity of any confidential source or undercover agent.  Nothing in this statute would have prohibited Officer Souma from revealing the names of the other officers involved in plaintiff's arrest in his deposition testimony. Thus, plaintiff's argument that the Kansas Open Records Act prevented discovery of the officers' identities is without merit.

Additionally, the Court notes that plaintiff could have availed himself of the other tools of discovery.  The Court recognizes that plaintiff did not meet with counsel until February 2006, about three weeks before the statute of limitations ran.  After plaintiff filed his lawsuit on March 2, 2006, plaintiff was able to learn the identities of the officers through the discovery process in this case, albeit several months after the statute of limitations had run.  There is nothing in the record showing that plaintiff was prevented from filing this action at an earlier date.  Had plaintiff filed his action earlier, plaintiff could have obtained the identities of the officers through the discovery process.  While plaintiff contends that the arrest reports or criminal investigation records "could only reveal the names and identities and agents through their specific acts contained therein,"[16] the Court disagrees.  Plaintiff could have sought this information from defendant through initial disclosures, answers to interrogatories, production of documents and depositions.  Because plaintiff waited almost two years to file his lawsuit, he was unable to obtain this information before the running of the statute of limitations, which is through no fault of defendant City of Topeka.

---

[16](Doc. 37 at 3.)

In his July 12, 2006 Order, Judge Sebelius found that absent any evidence of an affirmative inducement on the part of any defendant or the officers to delay plaintiff in filing his claim against the officers, equitable tolling should not apply under the circumstances of this case and plaintiff's Motion to Amend should be denied.  The Court agrees.  Because plaintiff has not shown that the Kansas Open Records Act prevented him from learning the identities of the officers, the Court finds that plaintiff's amendment should not be allowed under the principles of equitable tolling.

Because the Court rejects plaintiff's argument that he was prevented from learning the names of the officers because privileged information could not be divulged under the Kansas Open Records Act, the Court declines to certify a question to the Kansas Supreme Court.  Under the Uniform Certification of Questions of Law Act, K.S.A. § 60-3201, the Kansas Supreme Court may answer questions of law certified to it, when requested by the certifying court:

> [I]f there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state.

"The decision to certify rests in the sound discretion of the federal district court."[17]

"Certification is particularly appropriate where the legal question at issue is novel and the applicable state law is unsettled."[18]  No such circumstances exist in this case, as the Court has determined that the Kansas Open Records Act does not prevent the disclosure of privileged information.  Rather, as explained above,  K.S.A.§ 45-221(a)(10)(C) provides public agencies

---

[17]*Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).

[18]*Id.*

the option of not disclosing such information, but the statute does not prohibit disclosure. Further, if such information is sought, the statute provides an avenue to obtain such information by filing an action pursuant to K.S.A. § 45-222, in which a court may order disclosure after finding that disclosure would not reveal the identity of any confidential source or undercover agent.  Therefore, exercising its discretion, the Court declines to certify a question to the Kansas Supreme Court.

***Conclusion***

For all the reasons stated above, the Court accepts Judge Sebelius's July 12, 2006 Order (Doc. 33) denying plaintiff's Motion to Amend Complaint, and denies plaintiff's Objection. Further, the Court finds that plaintiff's argument that he was prevented from learning the identities of the officers because revealing such information violated the Kansas Open Records Act is without merit.  Therefore, the Court refuses to certify plaintiff's proposed question to the Kansas Supreme Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection (Doc. 37) is **OVERRULED AND DENIED.**

**IT IS SO ORDERED**.

Dated this 21st     day of September 2006.


  S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**

Memorandum Order and Opinion Denying Plaintiff's Objection to the Magistrate Judge's Order, *Bell v. City of Topeka, Kansas, et al.*, No. 06-4026-JAR.