ace
# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| **DAVID L. BELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 06-4026-JAR |
| | ) |
| **CITY OF TOPEKA, KANSAS,** | ) |
| former **MAYOR BUTCH FELKER,** | ) |
| former **MAYOR JAMES A. MCCLINTON,** | ) |
| **CHIEF OF THE CITY OF TOPEKA** | ) |
| **POLICE DEPARTMENT ED E. KLUMPP,** | ) |
| and **FOUR UNKNOWN NARCOTICS** | ) |
| **AGENTS OF THE CITY OF TOPEKA,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendants' Motion to Dismiss Butch Felker, James A. McClinton, and Ed E. Klumpp (Doc. 35) and defendants' Motion to Strike Names and Exhibits from Plaintiff's Final List of Witnesses and Exhibits (Doc. 71). For the reasons stated below, the Court grants defendants' motions.

**I.      Motion to Strike**

In their Motion to Strike, defendants request the Court to strike certain witnesses and exhibits from plaintiff's Final Witness and Exhibit List (Doc. 66) for failure to timely disclose these particular witnesses and exhibits in accordance with the Scheduling Order. Defendant filed this motion on December 8, 2006. Plaintiff's deadline to respond to this motion was fourteen days later on December 22, 2006.[1] To date, plaintiff has not responded to this motion. In the

---

[1] *See* D. Kan. R. 6.1(d)(1).

event a party fails to respond, the local rules provide that the party has waived his right to file a response except upon a showing of excusable neglect.[2] Absent a showing of excusable neglect, the motion "will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[3] Because plaintiff's deadline for responding to this motion expired over two months ago, the motion is uncontested and should therefore be granted.

The Court also grants defendants' Motion to Strike based on the merits of defendants' arguments. On May 17, 2006, plaintiff filed his initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) listing fourteen witnesses and ten exhibits.[4] In the Scheduling Order entered by Magistrate Judge Sebelius, the parties were required to serve supplemental disclosures under Fed. R. Civ. P. 26(e) by November 8, 2006, forty days before the deadline for completion of discovery. As Judge Sebelius explained, the purpose of this deadline was as follows:

> The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial. The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit

---

[2] D. Kan. R. 7.4.

[3] *Id.*

[4] (Doc. 14.)

probably will be excluded at trial.[5]

Plaintiff never submitted any supplemental disclosures.  On November 30, 2006, plaintiff filed a Final List of Witnesses and Exhibits.[6]  In that filing, plaintiff listed two witnesses, Richard T. Darnall, DDS and Roscoe Bell, that plaintiff expects to call.  These witnesses were never identified as potential witnesses by either party prior to the November 8, 2006 deadline for submitting supplemental disclosures.  Plaintiff also listed two witnesses, Dr. R.D. Iliff and Dr. Michael Laccheo, that he may call to testify that were also never identified as potential witnesses prior to the deadline for submitting supplemental disclosures.  Further, plaintiff listed several exhibits that were never provided in the required disclosures.  Those exhibits include: "Richard T. Darnall, DDS medical records and statement of services;"[7] "Bond provided Plaintiff by Shawnee County Corrections/Jail March 4, 2004;"[8] Case tracking records/Docket Sheet Shawnee County District Court Plaintiff's Bond";[9] "Any and all exhibits marked December 1, 2006 and thereafter in Depositions in the case;"[10] and "TPD Memorandum, November 12, 2003 Pfortmiller/Klumpp."[11]

When requesting a court to strike witnesses and exhibits, a plaintiff must show

---

[5](Doc. 13 at 6–7) (citing See Fed. R. Civ. P. 37(c)(1)).

[6](Doc. 66.)

[7](Doc. 66 at 14 ¶ 4.)

[8](Doc. 66 at 14 ¶ 13.)

[9](Doc. 66 at 14 ¶ 16.)

[10](Doc. 66 at 14 ¶ 20.)  Plaintiff does not object to such exhibits if the document was produced by a party prior to the November 8, 2006 deadline.

[11](Doc. 66 at 14 ¶ 22.)

3

prejudice.[12]  Defendants argue that they are prejudiced by plaintiff's untimely disclosures because plaintiff filed his Final Witness and Exhibit List eighteen days before the close of discovery on December 18, 2006.  In their motion, defendants list other scheduling conflicts such as depositions and witnesses meetings that will not allow defendants' counsel to conduct last minute discovery in this case.  The Court agrees that plaintiff is prejudiced by these last minute disclosures, and therefore orders that these witnesses and exhibits be stricken.  Accordingly, defendants' Motion to Strike is granted.

## II.     Motion to Dismiss

Defendants have also filed a Motion to Dismiss in which they request the Court dismiss defendants Butch Felker, James A. McClinton, and Ed E. Klumpp from this action because claims against these defendants in their official capacities are redundant when plaintiff has named the City of Topeka as a defendant as well.

### *Background*

Plaintiff brings this action against the City of Topeka and various city officials and employees alleging unreasonable use of force and violation of due process resulting from plaintiff's arrest in March 2004.  On March 2, 2006, plaintiff filed a Complaint naming as defendants the City of Topeka, former mayor Butch Felker, former mayor James A. McClinton, Chief of Police Ed E. Klumpp and "Four Unknown Narcotics Agents of the City of Topeka Police Department."[13]  Plaintiff did not personally serve Butch Felker, James A. McClinton, or Ed E. Klumpp.  Instead plaintiff served Iris Walker, the City of Topeka City Clerk, for these

---

[12] *Nelson v. City of Wichita, Kan.*, 217 F. Supp. 2d 1179, 1188 (D. Kan. 2002) (citing *Kaufmann v. United States*, No. 88-2193-0, 1990 WL 58687, *1 (D. Kan. Apr. 25, 1990).

[13] (Doc. 1.)

4

three defendants.[14]  Based on this service, these three defendants are subject to personal jurisdiction in their official capacities[15] and not their individual capacities.[16]  Defendants therefore move for dismissal of these three defendants arguing that the official capacity claims against these defendants are redundant when plaintiff has named the City of Topeka as a defendant as well.

### *Rule 12(b)(6) Standard*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[17]  Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[18]  "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."[19]

On a Rule 12(b)(6) motion, a court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff.[20]  The Court construes the allegations in the light most favorable to the plaintiff.[21]  These deferential rules, however, do not allow a court to assume that a plaintiff "can prove facts

---

[14](Docs. 3, 4, 5.)

[15]*See* Fed. R. Civ. P. 4(j)(2); K.S.A. § 60-304(d)(3).

[16]*See* Fed. R. Civ. P. 4(e); K.S.A. § 60-304(a).

[17]Fed. R. Civ. P. 12(b)(6).

[18]*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted).

[19]*Mounkes v. Conklin*, 922 F. Supp. 1502, 1506 (D. Kan. 1996) (quotation omitted).

[20]*Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[21]*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."[22]  "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster."[23]  Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interest of justice.[24]

*Analysis*

Official capacity suits are treated in all respects as suits against the underlying entity.[25]  Therefore, a plaintiff's claims against a city and against individual defendants in their official capacities are redundant.[26]  Plaintiff acknowledges in his response to defendants' motion to dismiss that he has identified in his Complaint defendants Butch Felker, James A. McClinton, and Ed E. Klumpp in their official capacities.[27]  Nevertheless, plaintiff argues that these defendants should not be dismissed until plaintiff determines, through additional discovery, whether these individuals acted in their official or individual capacities.  The court disagrees.

---

[22]*Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

[23]*Mounkes*, 922 F. Supp. at 1506 (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988) (quotation omitted)).

[24]*Id.*

[25]*Patrick v. City of Overland Park, Kan.*, 937 F. Supp. 1491, 1498–99 (D. Kan. 1996) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978) (official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent")).

[26]*King v. City of Louisburg, Kan.*, No. 96-2156-GTV, 1997 WL 298441, at *3 (D. Kan. May 19, 1997) (citing *Cleland v. City of Caney*, No. 96-2338, 1997 WL 49136, at *4 (D. Kan. Jan. 24, 1997); *Brasko v. City of Caney*, No. 96-2258, 1997 WL 49125, at *3 (D. Kan. Jan. 24, 1997); *Patrick*, 937 F. Supp. at 1498–99).

[27](Doc. 41 at 1.)

Plaintiff admits that he has not pled that these defendants acted in an individual capacity. Nor has plaintiff sought to amend his Complaint to state claims against these defendants in their individual capacities. Further, discovery in this case closed on December 18, 2006,[28] and therefore plaintiff has had the opportunity to determine if these defendants acted in their individual capacities. Because plaintiff had not pled that these defendants acted in their individual capacities nor has he amended his Complaint to allege such claims, the Court finds that plaintiff's claims against these defendants must be dismissed because such claims are redundant when plaintiff has also named the City of Topeka as a defendant in this action.

*Conclusion*

For the reasons set forth above, the Court finds that plaintiff's claims against Butch Felker, James A. McClinton, and Ed E. Klumpp in their official capacities are not actionable when plaintiff has also named the City of Topeka as a defendant. Accordingly, the Court grants defendant's Motion to Dismiss Butch Felker, James A. McClinton, and Ed E. Klumpp.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss Butch Felker, James A. McClinton, and Ed E. Klumpp (Doc. 35) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants' Motion to Strike Names and Exhibits from Plaintiff's Final List of Witnesses and Exhibits (Doc. 71) is **GRANTED**. The Court strikes the following witnesses from plaintiff's Final Witness and Exhibit List:

- Richard T. Darnall, DDS
- Roscoe Bell

---

[28]The Court notes that the general discovery deadline in this case of December 18, 2006 was never extended. However, the parties jointly requested a limited extension of time to resolve matters involving the identification of expert witnesses. (Docs. 68, 69.) Magistrate Judge Sebelius granted this request and allowed the parties until February 15, 2007 to resolve this issue of experts. (Doc. 76.)

- Dr. R.D. Iliff

- Dr. Michael Laccheo

Further, the Court strikes the following exhibits from plaintiff's Final Witness and Exhibit List:

- Richard T. Darnall, DDS medical records and statement of services

- Bond provided Plaintiff by Shawnee County Corrections/Jail March 4, 2004

- Case tracking records/Docket Sheet Shawnee County District Court Plaintiff's Bond

- Any and all exhibits marked December 1, 2006 and thereafter in Depositions in the case unless the document was produced by a party prior to the supplemental disclosure deadline of November 8, 2006

- TPD Memorandum, November 12, 2003 Pfortmiller/Klumpp.

**IT IS SO ORDERED**.

Dated this 26th day of February 2007.

S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**