IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID L. BELL,

        Plaintiff,

v.                                                   Case No. 06-4026-JAR

CITY OF TOPEKA, KANSAS,
et al.,

        Defendants.

_____

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

This matter comes before the court upon plaintiff's Motion to Compel Production of Documents (Doc. 79). Defendant has filed a response in opposition to plaintiff's motion (Doc. 80). At the Final Pretrial Conference in this case, plaintiff waived his right to file a reply to his motion. The court therefore deems this matter ripe for disposition.

**Discussion**

    **A.**    **Certification Requirement.**

As an initial matter, the court considers whether plaintiff has satisfied the good faith certification requirement. Fed. R. Civ. P. 37(a)(2)(B) requires that a motion seeking an order to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure."[1] In addition, D. Kan. R. 37.2 states that "[e]very certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to

---

[1] Fed. R. Civ. P. 37(a)(2)(B).

the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute."[2]  Failure to confer or failing to attempt to confer may result in unnecessary motions. "When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere."[3]

In this case, the court finds that plaintiff has satisfied the certification requirement, as plaintiff's counsel has outlined the steps he took to resolve this dispute without court intervention.  Therefore, plaintiff has fulfilled the certification requirement.

### B.   Plaintiff's Motion to Compel.

In his motion, plaintiff seeks to compel production of the following:

> [D]ocuments which reflect, refer, or relate to the implementation of executing drug arrest warrants either knock or no-knock as it pertains to the Narcotics Unit of the Defendant City of Topeka, et al., specifically all "Operation Plan[s]" for the March 3-4, 2004 3101 SE Swygart bust, and all other "Operation Plans" that were developed for any and all similar drug raids or busts while Lt. Frank Pase was assigned to the Defendants' Narcotics Unit prior to March 3/4, 2004, together with Pase's attendance records with Defendants to validate or support his claim that he was present at every warrant execution while assigned as a Supervisor to the Narcotics Unit.

Defendant objects to plaintiff's motion, contending in part that plaintiff has failed to comply with D. Kan. R. 37.1(a).  The court agrees.  D. Kan. R. 37.1(a) provides:

---

[2] D. Kan. R. 37.2.  "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."  *Id*.

[3] *Pulsecard, Inc. v. Discover Card Servs., Inc.,* 168 F.R.D. 295, 302 (D. Kan. 1996).

> Motions under Fed. R. Civ. P. 26(c) or 37(a) directed at depositions, interrogatories, requests for production or inspection, or requests for admission under Fed. R. Civ. P. 30, 33, 34, or 36 or at the responses thereto, *shall be accompanied* by copies of the notices of depositions, the portions of the interrogatories, requests or responses in dispute (emphasis added).

In this case, while plaintiff attaches numerous exhibits to his motion, plaintiff fails to attach the specific interrogatories or requests for production that are the subject of his motion to compel. While plaintiff's motion and his exhibits thereto contain references to a request for production of documents brought by plaintiff,[4] these vague references alone are insufficient to amount to compliance with D. Kan. R. 37.1 in this case. Due to plaintiff's failure to attach to his motion "the portions of the interrogatories, requests, or responses in dispute," the court is unable to ascertain and moreover will not speculate as to whether defendant's objections and/or responses to plaintiff's discovery were sufficient. Therefore, the court finds that plaintiff's motion should be denied.

However, such denial shall be without prejudice, affording plaintiff the full opportunity to re-file his motion in full compliance with D. Kan. R. 37.1. The court will therefore deny plaintiff's motion without prejudice, directing plaintiff to re-file his motion within seven (7) days of entry of this order. Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Compel (Doc. 79) is hereby denied without prejudice;

---

[4] For instance, defendant's counsel appears to reference a formal request for production in her December 12, 2006, letter to plaintiff's counsel, stating in part, "I received your December 11, 2006 email regarding your request for production of 'Operations File/Folder' for 3101 SE Swygart, containing both photographs as well as other documents pertaining to such topics as controlled buys, and other investigative notes or records.'" *See* Defendant's December 12, 2006 Letter to Plaintiff's Counsel (Attached as Exhibit "E" to Doc. 79) at p.1.

**IT IS FURTHER ORDERED** that plaintiff shall re-file his motion to compel within seven (7) days from entry of this order, on or before **March 27, 2007**; and

**IT IS FURTHER ORDERED** that discovery in this case is hereby extended for the limited purpose of plaintiff re-filing the instant motion to compel.

**IT IS SO ORDERED.**

Dated this 20th day of March, 2007, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge