IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DAVID L. BELL,

                    Plaintiff,

          v.                                        Case No. 06-4026-JAR


CITY OF TOPEKA, KANSAS,
et al.,

                    Defendants.

_____


## ORDER

        This matter comes before the court upon plaintiff's Motion for Extension of Time (Doc.

87); and plaintiff's Supplemental Motion to Compel (Doc. 89).  Defendant City of Topeka has

filed responses to each of these motions.[1]  No replies have been filed and the time for doing so

has expired.  The court therefore deems this matter ripe for disposition.


**Relevant Factual Background**

        Plaintiff filed his Complaint on March 2, 2006.  Specifically, plaintiff seeks damages

related to an alleged unlawful search by defendant City of Topeka's police department and its

officers.

        Formal discovery in this case closed on December 18, 2006.  On December 5, the parties

filed a joint motion for extension of discovery (Doc. 68), pertaining to expert witnesses, which

the court granted on January 10, 2007 (Doc. 76). The court also re-scheduled the Final Pretrial

---

[1]*See* Docs. 90, 91, and 93, respectively.

Conference and related deadlines in light of this extension (Doc. 76).  The court ultimately held the Final Pretrial Conference on February 22, 2007, and entered the Final Pretrial Order on March 9, 2007 (Doc. 84).

At the time of the Final Pretrial Conference, there was a pending Motion to Compel (Doc. 79), filed by plaintiff.  On March 19, 2007, defendant filed its Motion for Summary Judgment (Doc. 85).  That same day, plaintiff filed a Motion to Extend Dispositive Motion Deadline (Doc. 87).  The next day, on March 20, 2007, the court denied plaintiff's Motion to Compel (Doc. 79) without prejudice for failure to comply with this courts' local rules.  Plaintiff then re-filed his "Supplemental" Motion to Compel (Doc. 89) on March 22, 2007.

**Parties Contentions**

In his Motion to Compel (Doc. 89), plaintiff seeks the following:

> [D]ocuments which reflect, refer, or relate to the implementation of executing drug arrest warrants either knock or no-knock as it pertains to the Narcotics Unit of the Defendant City of Topeka, et al., specifically all "Operations Plan" for the March 3-4, 2004, 3101 Swygart bust, and all other "Operation Plans" that were developed for any and all similar drug raids or busts while Lt[.] Frank Pase was assigned to the Defendants' Narcotics Unit prior to March 3/4, 2004, together with Pase's attendance records with Defendants to validate or support his claim that he was present at every warrant execution while assigned as a Supervisor to the Narcotics Unit.  Plaintiff further asks this court to award the costs of bringing this Supplemental Motion, including reasonable attorney's fees.

Specifically, plaintiff contends that during the deposition of Lt. Frank Pase, held on December 11, 2006, plaintiff's counsel learned of the existence of an "Operations Plan"(Hereinafter "Operations Plan") related to the March 3-4, 2004,  incident at 3101 Swygart. Plaintiff contends he requested a copy of the Operations Plan and defense counsel indicated that the Operations Plan would not be produced.  As a result, plaintiff contends he served a Request

for Production of Documents on defendant on December 15, 2006 – three days before the close of formal discovery.  In addition to requesting the Operations Plan from the March 3-4, 2004, 3101 Swygart bust, plaintiff also requested production of "any and all" Operations Plans of Topeka Police Department Narcotics Unit warrants occurring during the time Lieutenant Frank Pase was a member of the Narcotics Unit.  Additionally, plaintiff sought production of daily timesheet records for Lt. Pase during the time of his assignment with the Narcotics Unit.   These requests are the subject of plaintiff's instant motion to compel.

Defendant objects to plaintiff's Motion to Compel on several grounds.  First, defendant objects as to the timing of plaintiff's request for production, as the request was made three days before close of formal discovery.  Defendant contends that in order for plaintiff's request to be timely, plaintiff needed to have served his request on or before November 18, 2006, as the Scheduling Order in this case (Doc. 13) required all discovery to be "served in time to be completed by" December 18, 2006.  Therefore, defendant contends, plaintiff's request is untimely and plaintiff's Motion to Compel should be denied.

Next, defendant contends that it was under no obligation to produce the requested documents at the deposition of Frank Pase because Lt. Frank Pase was a former employee of defendant at the time of this lawsuit and did not have access to those records.

Additionally, in regards to plaintiff's December 15, 2006, Rule 34 requests for production served on the defendant, defendant contends that it has "produced hundreds of pages of documents for inspection and copying by plaintiff" in response to plaintiff's First Request for Production.

Finally, in addition to the procedural deficiencies in plaintiff's discovery requests,

defendant contends plaintiff's Motion to Compel should be denied because producing "all" Operations Plans would be unduly burdensome, would endanger officer safety if disclosed, and is otherwise not discoverable.

As to plaintiff's Motion to Extend Dispositive Motion Deadline to protect the Record; to have the Court Determine His Motion for Imposition of Discovery Sanctions (Doc. 79) and to Extend Discovery Deadlines (Doc. 87), plaintiff contends the court should extend the dispositive motion and discovery deadlines "for the Court to rule on the merits [of] Plaintiff's Motion to Compel (Doc. [89]) and to protect the record."

Defendant objects to this motion on the grounds that plaintiff has failed to comply with the local rules of this court.  Additionally, defense counsel contends her current schedule presents numerous scheduling conflicts should the court extend the discovery and/or dispositive motion deadline.  Further, defendant argues that plaintiff has failed to demonstrate sufficient good cause to extend the dispositive and/or discovery deadlines and that defendant would be prejudiced if such deadlines were extended at this late stage in the proceedings.  Finally, defendant argues that plaintiff does not state that he plans to file his own motion for summary judgment.  Therefore, defendant contends plaintiff's Motion to Extend Dispositive Motion Deadline to protect the Record; to have the Court Determine His Motion for Imposition of Discovery Sanctions (Doc. 79) and to Extend Discovery Deadlines (Doc. 87) should be denied.

**Discussion**

**I.      Plaintiff's Motion to Compel (Doc. 89).**

**A.      Certification Requirement.**

As an initial matter, the court considers whether plaintiff has satisfied the good faith

certification requirement.  Fed. R. Civ. P. 37(a)(2)(B) requires that a motion seeking an order to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure."[2]  In addition, D. Kan. R. 37.2 states that "[e]very certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute."[3]  Failure to confer or failing to attempt to confer may result in unnecessary motions. "When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere."[4]

The court finds that plaintiff has satisfied his certification requirement. While plaintiff fails to include a certification in the instant motion, plaintiff did provide a sufficient certification in his original Motion to Compel (Doc. 79), which the court denied without prejudice on March 20, 2007.[5]  Therefore, while the court is troubled that plaintiff would fail to include a certification in his renewed motion, in the interest of judicial efficiency, the court finds plaintiff has met this requirement, as it is clear to the court that the parties have conferred on numerous occasions on these issues.

The court will now address the remainder of plaintiff's Motion to Compel, including

---

[2] Fed. R. Civ. P. 37(a)(2)(B).

[3] D. Kan. R. 37.2.  "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."  *Id*.

[4]*Pulsecard, Inc. v. Discover Card Servs., Inc.,* 168 F.R.D. 295, 302 (D. Kan. 1996).

[5]*See* Order Denying Without Prejudice Plaintiff's Motion to Compel (Doc. 88) at p. 2.

whether discovery of "Operation Plans" are properly discoverable, whether Lt. Pase's timesheet records are properly discoverable, and whether sanctions are appropriate.

**B.     Whether production of the "Operation Plan" related to the March 3-4, 2004 3101 Swygart bust is proper.**

Plaintiff, in his motion, first requests:

"[A]ll 'Operations Plan' for the March 3-4, 2004, 3101 Swygart bust[.]"[6] Defendant contends plaintiff's motion should be denied to due untimeliness of the request, officer safety considerations, prejudice to defendant, and due to defendant's contention that plaintiff's motion is directed to a non-party.

**1.     Untimeliness objection.**

As to defendant's contention that plaintiff's motion is untimely, defendant contends that because plaintiff served this request on December 15, 2006 – three days before close of discovery – plaintiff's request is untimely. The court notes that pursuant to the Scheduling Order in this case (Doc. 13), "All discovery shall be commenced or *served in time to be completed by* **December 18, 2006.**"[7]  Moreover, the court notes that the Federal Rules of Civil Procedure permit a party thirty (30) days in which to respond to such discovery.  Therefore, the court agrees with defendant that in order to be timely, plaintiff's Second Request for Production seeking the Operations Plan would have needed to be served on or before November 18, 2006, in order to be timely.  Because plaintiff's Second Request for Production was not served upon defendant until December 15, 2006, the court finds that plaintiff's request is technically untimely.

---

[6]Plaintiff's Supplemental Motion to Compel (Doc. 89), at p. 1.

[7]Scheduling Order (Doc. 13) at p. 4 (emphasis added).

However, the court disagrees with defendant that such untimeliness should be grounds for denial of this particular request.  While plaintiff did not seek an extension of discovery deadlines at the time he served his requests, in the interest of judicial efficiency, the court finds sufficient excusable neglect present to warrant extending discovery to permit defendant time to respond to this particular request.[8]  Specifically, the court finds plaintiff has demonstrated in his motion that he did not know about the existence of the Operation Plans until Frank Pase's deposition on December 11, 2006 - only seven days before the close of discovery.  Furthermore, the Operations Plan for the "March 3-4, 2004 3101 Swygart bust" appears relevant on its face, as it directly involves the incident at issue in this lawsuit.  Because the Operation Plan for the "March 3-4, 2004 3101 Swygart bust" involves the conduct at issue in this lawsuit, and because it appears plaintiff was not aware of the existence of such documents until December 11, 2006, the court finds that information contained in the documents would be likely to lead to the discovery of admissible evidence, and sufficient excusable neglect has been demonstrated to warrant a limited extension of discovery for this purpose.  Therefore, the court overrules defendant's objections based on procedural deficiencies for this request.

## 2.    Objection based on officer safety.

Similarly, the court is unpersuaded by defendant's argument that disclosure of March 3-4, 2004, 3101 Swygart Operations Plan would "endanger officer safety."  Rather, the court finds that any danger to officer safety caused by disclosure of such Operations Plan could be overcome by deeming such disclosure to be "Confidential" and therefore subject to the Protective Order (Doc. 10) in this case.   Therefore, the court overrules this objection.

---

[8]D. Kan. R. 6.1(a).

### 3.    Objection based on serving a Rule 34 request on a non-party.

The court is also unpersuaded by defendant's objection that plaintiff's motion should be denied because plaintiff directed his request to Frank Pase, who is not a party to this litigation. The court notes that, in addition to the "Notice of Deposition Duces Tecum" directed at Frank Pase, plaintiff also served a formal Rule 34 Request for Production upon defendant in this case seeking the Operations Plans and Frank Pase's Timesheets.[9]  Thus, in the court's view, any procedural shortcoming in serving a request for production on a non-party is cured by plaintiff serving his Second Request for Production on defendant.   Therefore, the court overrules this objection.

### 4.    Objection based on prejudice to defendant.

Finally, the court finds that defendant would not be prejudiced by disclosing the Operation Plan related to the "March 3-4, 2004 3101 Swygart bust."  Defendant will not be prejudiced because the court will order additional discovery limited to this narrow issue in conjunction with the disclosure, providing defendant a full opportunity to gather and disclose such Operations Plan to plaintiff.

Accordingly, the court will grant plaintiff's Motion to Compel to the extent that it will order defendant to disclose its Operations Plan pertaining to only the "March 3-4, 2004 3101 Swygart bust."  The court will also deem such disclosure to be "Confidential" and thereby subject to the terms of the Protective Order entered in this case.

### C.    Whether production of "any and all" Operations Plans is proper.

In addition to seeking production of the Operations Plan for the March 3-4, 2004 3101

---

[9]*See* Plaintiff's Second Request for Production of Documents, attached as Exhibit B-1 to Doc. 89.

Swygart bust, plaintiff also seeks production of "any and all" Operations Plans "occurring during the time Lieutenant Frank Pase was a member of the Narcotics Unit."

Defendant objects to this request on the same grounds as it objected to disclosure of the March 3-4, 2004, Operations Plan for the 3101 Swygart bust. Additionally, plaintiff argues that disclosure of "any and all" Operations Plans occurring during Frank Pase's tenure would be unduly burdensome. The court shall first address defendant's objection based on burdensomeness.

In opposing discovery on the grounds of burdensomeness, a party has "the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[10] "This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents."[11] "Discovery should be allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery."[12] However, the "mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and possibility of injury to the business of the party from whom discovery is sought does not itself require denial of the motion."[13]

Here, defendant has provided a lengthy discussion on how production of any and all

---

[10] *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002).

[11] *Id.*

[12] *Employers Comm. Union Ins. Co. of Am. v. Browning-Ferris Indus.*, 1993 U.S. Dist. LEXIS 21098, at *17-18 (D. Kan. Apr. 5, 1993).

[13] *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 332-33 (D. Kan. 1991).

Operations Plans would be unduly burdensome.  The court finds that defendant has provided

sufficient details or information in terms of time, money, or procedure involved in complying

with this request.  As a result, the court finds that the burden of production to defendant

outweighs the benefits of production to plaintiff.  The court therefore finds that defendant has

substantiated this objection, and, therefore, the court sustains defendant's undue burden

objections as to plaintiff's request for "any and all" Operations Plans " "occurring during the

time Lieutenant Frank Pase was a member of the Narcotics Unit."

      **D.**      **Whether production of Frank Pase's daily timesheet records is proper.**

In addition to Operation Plans, plaintiff seeks:

> Daily timesheet records for Lieutenant Frank Pase during the time of his
> assignment with the Narcotics Unit.

Plaintiff contends these records are discoverable "to validate or support his claim that he was

present at every warrant execution while assigned as a Supervisor to the Narcotics Unit."   The

defendant, upon reviewing its response to plaintiff's motion (Doc. 91) does not appear to directly

dispute or oppose discovery of such records.  However, the court notes defendant also does not

dispute that Lt. Pase was present at the March 3-4, 2004, 3101 Swygart bust.  In addition,

defendant contends "dispatch records show that Lt. Pase was at the scene of that raid from 11:41

p.m. on March 3, 2004 until 2:52 a.m. on March 4, 2004."  In light of these stipulations, the

court finds that production of Lt. Pase's timesheet records for March 3-4, 2004, only appear

proper.          However, the court is skeptical as to what value having *all* daily timesheets of

Lt. Pase "during the time of his assignment with the Narcotics Unit" affords plaintiff in this case.

This case involves an alleged wrongful search and seizure, occurring on March 3-4, 2004.

Furthermore, defendant does not dispute, and is willing to stipulate, the times during which Lt.

Pase was present during the alleged wrongful raid on March 3-4, 2004.  Therefore, the court fails

to find how production of *all* of Lt. Pase's timesheets – i.e. on dates other than March 3-4, 2004 – are relevant or reasonably calculated to lead to the discovery of admissible evidence regarding any issue in this case.  In other words, the court finds the nature of this request appears to be a fishing expedition, as the relevance of such records is not readily apparent and plaintiff has failed to meet his burden that such records are relevant.[14]

Therefore, the court will grant in part plaintiff's motion and will order production of Lt. Pase's timesheet records for March 3-4, 2004, only.

### E.        Whether sanctions are proper.

Both parties move for sanctions pursuant to Fed. R. Civ. P. 37(a)(4)(A).  Federal Rule of Civil Procedure 37(a)(4)(A) provides:

> If a motion to compel is granted . . . , the court *shall*, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust. (emphasis added).

Additionally, Fed. R. Civ. P. 37(a)(4)(C) "allows a court to impose sanctions where, as here, a motion to compel is granted in part and denied in part.  Under that rule, the court *may* 'apportion the reasonable expenses incurred in relation to the motion among the parties and

---

[14]*See Pulsecard, Inc. v. Discover Card Services*, 168 F.R.D. 295, 309 (D. Kan. 1996) (citing *Evello Invs. N.V. v. Printed Media Servs.,* 1995 U.S. Dist. LEXIS 4069)(holding when relevancy is *not* readily apparent, the party seeking discovery has the burden of showing the relevancy of the discovery request).

persons in a just manner.'"[15]

In this case, the court granted in part and denied in part plaintiff's Motion to Compel (Doc. 89). Thus, pursuant to Fed. R. Civ. P. 37(a)(4)(C), the court has discretion to apportion the reasonable expenses incurred in relation to plaintiffs' motion in a "just manner." Upon a full review of the record, the court finds both parties to be substantially justified in their briefing on the issues pertaining to plaintiff's Motion to Compel. As a result of these factors, the court is not inclined to award either party sanctions pursuant to Fed. R. Civ. P. 37(a)(4)(C). Because the court finds defendant rightfully resisted several aspects of plaintiff's motion, and because the court granted, in part, discovery sought in plaintiff's motion, the court finds the most "just manner" to apportion fees and costs is for each of the parties to pay their own.

## II.    Plaintiff's Motion to Extend Dispositive Motion Deadline to Protect the Record; To have the Court Determine His Motion for Imposition of Discovery Sanctions (Doc. 79); and to Extend Discovery Deadlines (Doc. 87).

Plaintiff also moves for additional time for discovery and for filing of dispositive motions. The court, in its ruling on plaintiff's Supplemental Motion to Compel (Doc. 89) is inclined to permit additional, but limited, discovery. Specifically, the court will grant limited additional discovery to the extent that defendant will be ordered to produce the Operations Plan for the March 3-4, 2004 3101 Swygart incident as well as to produce Lt. Pase's timesheet records for March 3-4, 2004. The court will deny plaintiff's motion to the extent it seeks additional discovery outside of the aforementioned subject areas.

---

[15] *Stoldt v. Centurion Indus.*, No. 03-2634, 2005 U.S. Dist. LEXIS 2343, at *26 (D. Kan. 2005) (quoting Fed. R. Civ. P. 37(a)(4)(C)).

As to plaintiff's motion to extend the dispositive motion deadline, the court notes that defendant filed its motion for summary judgment (Doc. 85) on March 19, 2007.  Plaintiff does not state that he plans to file a motion for summary judgment.  Therefore, the court fails to find sufficient good cause to extend the dispositive motion deadline in this case.  Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Supplemental Motion to Compel (Doc. 89) is granted in part and denied in part.  Specifically,

(1)     Defendant shall on or before **May 4, 2007,** produce to plaintiff all Operations Plans for the March 3-4, 2004, 3101 Swygart bust;

(2)     Defendant shall on or before **May 4, 2007,** produce to plaintiff all timesheet records for Lt. Pase for March 3-4, 2004;

(3)     All documents produced pursuant to this order shall be deemed as "Confidential" and subject to the Protective Order (Doc. 10) in this case; and

(3)     Upon production of the aforementioned documents, discovery is hereby closed.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Extension of Time (Doc. 87) is hereby granted in part and denied in part.  Specifically,

(1)     Discovery is hereby extended for the limited purpose of producing to plaintiff Operations Plans for the March 3-4, 2004, 3101 Swygart bust and timesheet records for Lt. Pase for March 3-4, 2004; and

(2)     No extensions of the dispositive motion deadline are granted.

**IT IS SO ORDERED.**

Dated this 26th day of April, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius

K. Gary Sebelius

U.S. Magistrate Judge